[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER
On November 21, 2000, after trial, the court, Hiller, J., granted the plaintiff judgment in this breach of contract action against the defendant. On April 2, 2001, the plaintiff filed a petition for examination of judgment debtor, which was granted by the court on April 11, 2001. The notice was also served on the defendant. Subsequent to the service of the petition, the plaintiff served the following parties with a subpoena duces tecum: the defendant; Russell Strilowich; and Architectural Panel Systems, LLC c/o Russell Strilowich, Registered Agent. A schedule was attached to each subpoena requiring each party to bring its financial records. On May 14, 2001, the defendant filed the present motion to quash the subpoenas of the two non-parties, Russell Strilowich and Architectural Panel Systems, LLC. On the same date, the non-parties also moved for protective order pursuant to General Statutes § 52-400a.[1]
General Statutes § 52-351b (a) states in relevant part, "[a] judgment creditor may obtain discovery from the judgment debtor, or from any third person he reasonably believes, in good faith, may have assets of the judgment debtor, or from any financial institution to the extent provided by this section, of any matters relevant to satisfaction of the money judgment." The plaintiff has not asserted that the non-parties have assets of the defendant, nor has it given any reason discovery is necessary from the non-parties. General Statutes § 52-397 states, in relevant part, that "[a]ny judgment debtor, an execution against whom has been returned unsatisfied in whole or in part or who has failed to respond within thirty days to any postjudgment interrogatories served pursuant to section 52-351b, may be examined on oath, in the court location where the judgment was rendered, concerning his property and means of paying such judgment, before any judge of the Superior Court or CT Page 12655 before a committee appointed by such judge." Thus, the plaintiff may inquire of the defendant as to information concerning its assets, and the defendant is required to disclose its assets and provide financial records reasonably designed to satisfy the outstanding judgment. Accordingly, the motion to quash the subpoenas of the non-parties is granted. For the same reasons, the motion for protective order, pursuant to General Statutes § 52-400a, is also granted.[2]
White, J.